Chief Justice Robertson
delivered the Opinion of theGo'urt.
Alleging in his bill a forgery of his name—Patterson lenjoined the enforcement of a replevin bond to Smith ’■& Keats, purporting to have been signed by himself, as ‘surety for one Williams, the principal. The answer of Williams admits, as is also proved, that Patterson did not subscribe his name to the bond’; but alleges, that he ■approved the signature.
Without any proof whatever, of any authority to sigh r his name, or any ratification of an unauthorized subscnption of it to the bond, the Circuit Court dissolved the in- . .... , . , ... junction and dismissed the bill.
That decree cannot be sustained—if the Circuit Court aiad jurisdiction; nod wo are of the opinion that it had jurisdiction. As no suit had ever been brought or judgment rendered on the bond, a bill quia timet, for an injunction and cancellation of the bond-, so far as it purported to be an obligation by Patterson, might be sustained on the ground of fraud, and of a right, in equity, to prevention and security. It is true, that, he might have a legal remedy, in the nature of a writ of error ■coram vobis; hut such a remedy cannot be exclusive; because the person whose -name has been forged, may not be apprized of the fact until such a proceeding shall have •been barred, or until he may have lost his proof. Hence a bill quia timet is a concurrent, and more effectual, remedy, and especially also, as, by such a proceeding, the ■complaining party may obtain a decree, not only for his •exoneration, but for the cancellation of the bond as to himself, so .that it can never, afterwards, be used against him, any where, at any time, or for any purpose.
Wherefore, it is the opinion of this Court, that the Circuit Court erred in dismissing the bill. '
Decree reversed, and cause remanded,